SOMMERYILLE, J.
Plaintiff, as the duly authorized curatrix of Mrs. Blamie Blacheca, wife of Cheri E. Sarrazin, impleads the New Orleans, Belize, Royal Mail & Central American Steamship Company, Limited, BIrs. Margaret Elizabeth Coleman, widow of John Macheca, as executrix and usufructuary of his estate, Mrs. Laverna Cecelia Hartman, widow of Michael Macheca, as executrix and usufructuary of his estate, and the Macheca Real Estate & Improvement Company, Limited, asking that they be condemned, in solido, to file a true and correct account of their gestión of the estate of said Mamie Macheca, wife of C. E. Sarrazin, interdict.
Plaintiff alleges that the father of Mrs. Sarrazin, the interdict, died in 1891, leaving certain assets in the possession and under the control of the New Orleans, Belize, Royal Mail & Central American Steamship Company, Limited; that the succession of said father was never opened, but that the assets-thereof remained with said Steamship Company for an indefinite time; that her ward has been notoriously insane since 1895, to the knowledge of the officers of said Steamship Company and of the partners of Blacheca Bros., and of the officers and members of the Macheca Real Estate & Improvement Company, Limited. Her ward was only interdicted on Blarch 22, 1910. Plaintiff then alleges that the portion of stock of the New Orleans, Belize, Royal Blail & Central American Steamship Company belonging to-her ward, and which was retained by the Steamship Company on deposit, was sold by said company without authority, and she thereupon asks for an accounting by said Steamship Company. The condition of the record suggests that the Steamship Company was never cited. It made no appearance, and there was no judgment rendered for ox; against it. It is not before the court, and the claim against it will not be further noticed.
Plaintiff next alleges that Blacheca Bros., a partnership composed of John and Michael Macheca, became the custodian of the funds belonging to her ward, and that they owe an accounting. Allegations are made that the members of said copartnership are dead, and that the widows of Blichael and John Blacheca owe to the plaintiff an accounting for the property of her ward in the place of the Blacheca Bros. There is no allegation as to when Blacheca Bros, assumed charge of the estate or property of the interdict, or what amoxint was received by them, or what disposition they made of the funds in their hands, beyond the fact that they transferred the property to the Blacheca Real Estate & Improvement Company, Limited, the thix-d defendant in the cause. There is a general allegation that all three of these defendants, consecutive managers or *125 custodians of her ward’s property, took possession of same without authority in law, and that they failed to invest the fund so as to yield interest to the interdict.
Plaintiff further alleges that the Maeheca Real Estate & Improvement Company, Limited, has rendered an account covering the gestión of the three defendants with reference to the property referred to as belonging to the interdict, which account she alleges is incorrect; she then asks that these three defendants be compelled to file a true and correct account of their gestión of the estate of Mrs. Sarrazin, the interdict, and that there be judgment for such sum of money or other property as might be shown to be due said interdict. The Maeheca Real Estate & Improvement Company, Limited, has answered, and the case has been thus pnt at issue in the trial court with reference to it.
Mrs. John Maeheca and Mrs. Michael Macheca, representing the successions of their respective husbands, appeared in court and filed exceptions of no cause of action, which exceptions were maintained. From the judgment maintaining these exceptions, plaintiff has appealed. In view of the allegation that the father of the interdict deposited the property referred to in the hands of the Steamship Company, and that the property in turn passed to Maeheca Bros., and subsequently to the Maeheca Real Estate & Improvement Company, Limited, without authority of any kind, and, in the absence of an allegation that said Maeheca Real Estate & Improvement Company, Limited, is insolvent, or is unable or unwilling to pay its debts, the exceptions of no cause of action on behalf of Mrs.' John Maeheca and Mrs. Michael Maeheca were properly sustained. There is annexed to plaintiff’s petition the-account rendered by the Maeheca Real Estate & Improvement Company, Limited, which covers the gestión of the Steamship Company, that of Maeheca Bros., as well as that of its own. It appears to have assumed full responsibility for the other parties. Plaintiff’s cause of action against Maeheca Bros, or their representatives can arise only upon an allegation that Maeheca Bros, have not turned over the property of her ward to the Maeheca Real Estate & Improvement Company, Limited, or that the latter declines to be responsible for Maeheca Bros, or to pay a judgment against it, or that said company is unable to pay said judgment.
The judgment appealed from is affirmed, with costs; reserving to plaintiff the right to proceed against the legal representatives of Maeheca Bros, in the event that the Maeheea Real Estate & Improvement Company, Limited, does not fully respond to plaintiff’s demand in the place and stead of Maeheca Bros.